James 0. Shacreleord, J.,
delivered the opinion of the Court.
This case presents the following state of facts:
The plaintiff in error was indicted at the July Term, j.867, of the Circuit Court of Smith County, for horse stealing. The indictment is as follows:
“State oe Tennessee, 1 Circuit Court of Smith Co., County of Smith, J July Term, 1867.
The grand jurors for the State of Tennessee, elected, impaneled, and sworn, and charged to inquire for the body of the County of Smith, and State aforesaid, *652 upon their oaths present,, that Gideon Bolton, on the 22d of July, in the County of Smith, and State of Tennessee, one sorrel horse, of the value of $125, of the goods and chattels of Wm. B. Whitley, then and there in his possession being found, feloniously did steal, take and carry away, against the peace and dignity of the State.
“E. S. Williams, Attorney-General.”
It was found and returned into Court, • indorsed, a “true bill,” by the foreman of the grand jury.
At the November Term, 1868, the plaintiff in error, having been arrested, appeared and demurred to said indictment, and for cause assigned: First, The indictment does not allege or show with certainty, the time at which the horse alleged in said indictment, to have been stolen by the plaintiff in error, and does not show with certainty that the alleged taking was before the filing or making of said indictment, but it avers, if was taken on the 22d day of July, but it does not aver the year in which it was taken. Second, Said indictment does not furnish information sufficient for the Court, that it may see a definite offense on record, to which to apply the judgment and punishment which the law prescribes, in the event of conviction.
Upon argument, the Court overruled the demurrer. The plaintiff in error was arraigned at the November Term, 1868, pleaded “not guilty,” and put upon his trial by a jury of the county, which resulted in a verdict of guilty, and confinement in the penitentiary, for a period of ten years. A new trial was moved for, and a motion entered in arrest of judgment, which were *653 severally overruled, and judgment pronounced in pursuance of the verdict of the jury; from which the plaintiff in error has appealed to this Court.
Various errors of law have been assigned upon the rulings of the Circuit Judge, and the questions involved have been argued with ability. The question that meets us at the threshold, arises upon the demurrer filed to the indictment. If that is well taken, it is decisive of the case, and it will be unnecessary to discuss and determine all the other questions raised in the record.
It is a well settled rule of the common law, “that time and place must be averred in every indictment, but the time of committing an offense, (except where the time enters into the nature of the offense,) may be laid on any day previous to the finding of the bill, during the period, when it may be prosecuted:” Wharton’s Crim. Law, sec. 262, vol. 1.
“If a day certain be laid before the finding, other insensible dates may be rejected as surplusage: Ibid.”
It is insisted that this rule of the common law has been changed by sec. 5124 of the Code, which provides, the time at which the offense was committed need not be stated in the indictment, but the offense may be alleged to have been committed on any day before the finding thereof, or generally before the finding of the indictment, unless the time is a material ingredient in the offense.
• This provision of the Code is not in conflict with the common law rule. The day and year need not be stated correctly. Any time before the finding, is *654 sufficient. That is, a day and year must be given in the indictment, except where time is material, as provided by the section of the Code, and then the exact day given.
The Legislature having changed the punishment for this class of offenses, and not having repealed the law for the punishment of the offense previous to the Act, time becomes material; not the certain day on which the property was stolen, but it must appear in- the indictment to have been b'efore or after the passage of the law. The Act increasing the punishment for horse stealing, was passed the 17th of May, 1865. The first section of the Act provides, “that whoever shall, feloniously take or steal any horse, mule, or ass, shall, on conviction, suffer death by hanging; Provided, the jury may commute the punishment to imprisonment in the penitentiary, for a period not less than ten, nor more than twenty-one years.”
The fourth section of the Act provides, “ that nothing in this Act shall be so construed, as repealing the laws now in force for punishing of offenses mentioned in the Act; but all persons who have heretofore committed any of the offenses mentioned in the Act, shall be tried under the existing laws, and if convicted, shall be punished as prescribed by law.”
By the provisions of the Code, horse stealing was punished by confinement in the penitentiary for a period not less than three nor more than ten years.
This Act of the 17th May, 1865, was a radical change in the punishment of this class of crimes. The Act is highly penal, and nothing can be left to in- *655 tendment. It must appear with certainty in the indictment, whether the horse was stolen before or since the passage of the Act increasing the punishment. In such a case, the time becomes material, and a failure to state it in the indictment, is fatal.
The prisoner must know with reasonable certainty, the offense for which he is' arraigned. In the trial of the cause, if his life is involved, he has a greater number' of challenges. Upon a verdict of guilty by the jury, and no commutation by them, as provided by the law, the Judge could not determine, from the indictment, whether he was liable to the greater or lesser punishment, where the indictment does not show the offense was committed after the passage of the Act increasing the punishment. Hence, the necessity' of assigning the day and the year in the indictment in cases of this character.
Exceptions were taken to the ruling of the Court in the instructions to the jury. We have carefully considered the principles announced in the charge,- and are satisfied it is a correct exposition of the rules of law applicable to the facts of the case, except that part inw hich the jury were instructed, “if they thought, looking to the merits and justice of the case as determined by their own views, as to what would be sufficient punishment, and that the offense merits a less punishment than twelve months in the penitentiary, then they might, in their discretion, punish him by confinement in the county jail for any period of time short of twelve months.”
This part of His Honor’s charge is erroneous, and *656 as the case will have to undergo another investigation before a jury, we deem it our duty to give a correct exposition of the law on this point.
This part of the charge is based upon the Act of the Legislature, passed March 15, 1860, and a decision of this Court upon a construction of that Act. The Act is as follows:
“In no case, shall any person convicted of a felony be confined for a less period than twelve months in the penitentiary; Provided, That whenever, in the opinion of a jury in any case, the offense merits a less punishment than twelve months in the penitentiary, that then, in such case, the jury may punish by confinement in the county jail for any period short of twelve months.”
In a construction given this Act by this Court, at the last Term, in the case of Sank Cross vs. The State, it was held, it was intended to apply to all eases in which persons had been covicted of a felony, the punishment for which is confinement in the penitentiary and that without reference to the grade of the offense, or the length of time for which the accused was subject to imprisonment in the penitentiary; that the statute in its terms applies to all felonies punishable by imprisonment in the penitentiary. Upon a careful review of that case, we are not satisfied with the conclusions of the Court.
The Legislature did not intend, by the passage of this Act, to effect so radical a change in the criminal laws of the State.
In the punishment for the several grades of felony, *657 for grand larceny and other high crimes, the period fixed, ranges from three to twenty-one years, at which the person convicted shall serve in the penitentiary. Murder in the second degree, is from ten to twenty years; for horse-stealing, under the Act of May 17th, 1865, from ten to twenty-one years; for grand larceny, from three to ten years; for petit larceny, and other offenses of a like nature, from one to five years. All these grades of crime fall under the general designation of felonies; and to give the Act the construction put upon it by the Court, would place it within the power of a jury in a criminal case of the highest grade, punishable in the penitentiary, to commute the punishment to imprisonment in the county jail, for a period less than twelve months.
This construction would be dangerous to society. The rulings of the Court in that case, are not within the reason, intent or proper construction of the law; though the Act may bear the construction placed upon it, considered apart from the other statutes of criminal procedure; but, when taken in connection with the several statutes, prescribing the punishment of various offenses, as low as one year in the penitentiary, and giving the Court power in such cases to commute the punishment to imprisoment in the county jail, we think the object and intention of the Legislature, in the passage of the Act, was, to give the jury the power of commuting the punishment in cases of petit larceny, and all other offenses, where the punishment was prescribed as low as one year’s imprisonment in the penitentiary, by imprisonment in the county jail for less than twelve months. *658 By the Code, see. 5266, the power was vested in the Circuit Judge, to commute the punishment in cases of petit larceny and other offenses of a low grade, to imprisonment in the county jail; and the object and intention was, to give to the jury a similar power in all such cases, where the punishment was as low as one year in the penitentiary.
We are, therefore, constrained to hold, the principles determined in the case of Sank Cross vs. The State, is not a correct exposition of the law; that the jury, under the provisions of the Act of March 15th, 1860, have no right, in cases of grand larceny and other offenses, where the punishment is not prescribed as low as one year in the penitentiary, to commute the punishment to imprisonment in the county jail. It follows, therefore, his Honor erred upon this point. Other errors are assigned, and have been pressed with earnestness by the counsel; but the views taken by the Court upon the demurrer, compel us to arrest the judgment, and we forbear to express any opinion'upon the errors assigned.
The judgment will be reversed; and the prisoner remanded to the jail of the County of Smith, to be further proceeded with, and held subject to the action of the Circuit Court.